JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-536 JVS (ANx) | Date | April 18, 2012 |
| Title | Turchik v. M.A.G. Engineering Co., Inc. | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (In Chambers)    **Order Remanding Action to the Superior Court of the State of California for the County of Orange**

       On April 9, 2012, the Court ordered plaintiff David M. Turchik ("Turchik") to show cause in writing within ten days why the case should not be remanded to the Superior Court of the State of California, County of Orange for lack of jurisdiction. The Court as now reviewed Turchik's response, filed April 16, 2012.

       As the Court stated in its earlier order:

       Turchik asserts no claim under the patent laws: All his claims are California common-law or statutory[1] claims. A breach of contract for failure to pay a patent royalty does not arise under the patent laws. Everest & Jennings, Inc. v. E. & J. Mfg. Co., 263 F.2d 254, 262 (9th Cir. 1959); Commercial Sales Network v. Sadler-Cisar, Inc., 755 F.Supp. 756, 758-59 (N.D. Ohio 1991) see Thiokol Chemical Corp. v. Burlington Industries, Inc., 448 F.2d 1328, 1330-31 (3d Cir. 1971).[2]

His response offers no more. Even by his own recitation, none of his claims are claims under the Patent Law which would support jurisdiction under 28 U.S.C. § 1454.

---

     [1] Cal. Bus. & Prof. Code § 17200.

     [2] See HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., Ltd., 600 F.3d 1347, 1356 (Fed. Cir. 2010); Duncan v. Stuetzle, 76 F.3d 1480, 1485-86 (9th Cir. 1996).

JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-536 JVS (ANx)  Date  April 18, 2012

Title  Turchik v. M.A.G. Engineering Co., Inc.

(Plaintiff's Statement, pp. 3-4.) Moreover, the contention that jurisdiction in Federal Court might cause defendants to feel "more compelled" to stipulate to his inventorship is not a basis to confer jurisdiction.

The case is remanded to the Superior Court of the State of California, County of Orange for lack of jurisdiction

Initials of Preparer  kjt